## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| DARIUSH A. RICE, | * |
| Plaintiff, | * |
| v. | * |
|  | * Civil No. 24-1208-BAH |
| MERITUS MEDICAL CENTER ET AL., | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM & ORDER

One June 26, 2025, this Court granted Defendants' motions to dismiss this action. *See* ECF 35 (memorandum opinion); ECF 36 (order).  Pending before the Court is pro se Plaintiff Dariush Rice's ("Plaintiff's") motion to vacate this Court's judgment under "Fed. R. Civ. P. 60(d)(3) (fraud on the Court), Rule 60(b)(4) (void judgment), and for First-Amendment Reconstitution."  ECF 37, at 1 (some capitalization removed).  Defendants Joshua McLain, MD, and Meritus Medical Center filed oppositions.  ECFs 39 and 40.  The motion  is now ripe for the Court's review.  "Rule 60 provides for an extraordinary remedy that should not be awarded except under exceptional circumstances."  *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States,* 340 U.S. 193, 202 (1950)).

Rule 60(b)(3) typically governs motions to vacate a judgment for fraud if the motion is made within a year.  However, if a motion is made after that deadline, "[t]he savings clause in Rule 60(d)(3) permits a court to exercise its inherent equitable powers to obviate a final judgment after one year for 'fraud on the court.'"  *Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 135–36 (4th Cir. 2014).  Because Plaintiff's motion was timely made under Rule 60(b), the Court will also

consider it as one made under Rule 60(b)(3).  To prevail under Rule 60(b)(3), the following conditions must be met: "(1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case." *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994).  Rule 60(d)(3) "'fraud on the court' is typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." *Great Coastal Exp., Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 675 F.2d 1349, 1356 (4th Cir. 1982).

Rule 60(b)(4) allows "relief from a judgment that is void" and "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018) (quoting *U.S. Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)).  "Federal courts reserve relief under Rule 60(b)(4) 'for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction.'" *Id.* (citing *Espinosa*, 559 U.S. at 271).  "When deciding whether an order is 'void' under Rule 60(b)(4), 'courts must look for the rare instance of a clear usurpation of power,' which is 'only when there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction.'" *Id.* (citing *Wendt v. Leonard*, 431 F.3d 410, 413 (4th Cir. 2005) (internal quotation marks omitted)).

Though Plaintiff's motion did not request relief on any other grounds besides Rule 60(d)(3) and 60(b)(4), the motion can also be properly considered pursuant to Rule 59(e), as it was filed within twenty-eight days of the Court's order.  *Thomas v. S.C. Dep't of Mental Health*, No. 23-

2190, 2024 WL 4298146, at *1 (4th Cir. Sept. 26, 2024) ("A post-judgment motion challenging the correctness of a district court's judgment is construed based on when the motion was filed.  If the motion is filed within the timeline in Rule 59(e), then the motion is construed as a Rule 59(e) motion, regardless of label." (citing *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 412 (4th Cir. 2010)); *see also MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).  Accordingly, the Court also construes Plaintiff's motion as one also sounding in Rule 59(e).  *See Knott v. Wedgwood*, Civ. No. DKC-13-2486, 2014 WL 4660811, at *2 (D. Md. Sept. 11, 2014) (construing the substance of a purported Rule 60(b) motion according to the Rule 59(e) standard).

Under Rule 59(e), the Court may alter or amend its prior ruling in three situations: (1) where "there has been an intervening change of controlling law," (2) where "new evidence has become available," or (3) where "there is a need to correct a clear error or to prevent manifest injustice." *Robinson*, 599 F.3d at 411.  "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to 'ask the Court to rethink what the Court had already thought through—rightly or wrongly.'" *Crocetti v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018) (internal quotation marks omitted) (quoting *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001)).

Here, Plaintiff argues that vacatur of the Court's memorandum opinion and order granting Defendant's motion to dismiss is warranted because of perceived irregularities on the case docket, because "the Court lacked jurisdiction absent the proper entry of default," and for "constructive suppression of Rice's right to petition the government for redress, actionable under 42 U.S.C. § 1983." ECF 37, at 3.

While Plaintiff asserts that "the Clerk's Office and this Court engaged in a series of interlocking omissions, misrepresentations, and self-serving docket manipulations" constituting fraud on the Court, *see* ECF 37, at 2–3, this accusation is baseless, and Plaintiff has not met his burden under either Rule 60(b)(3) or 60(d)(3). Plaintiff takes issue with the fact that the Clerk never entered default. *See id.* at 4–5. Plaintiff never moved for Clerk's entry of default. Plaintiff also takes issue with the Court's denial of his motion for default judgment, its extension of the defendants' time to respond to the operative complaint, and seemingly for its extension of his own deadlines. *Id.* at 5. But a litigant's disagreement with the Court's rulings is not a sufficient basis for setting aside those rulings for fraud. Plaintiff also points to a "[s]urreptitious document swap" of Defendant McLain's motion to dismiss. *Id.* McClain filed a motion to dismiss on December 17, 2024. ECF 28. The same day, McClain filed a corrected motion, ECF 29, and the earlier filed motion was marked as filed in error. The Clerk subsequently mailed Plaintiff a Rule 12/56 notice, affording him 28 days to respond to the motion. *See* ECF 30. Nothing here constitutes fraud warranting disturbing the Court's June 26 memorandum opinion and order under Rule 60(b)(3) or (d)(3).

To the extent Plaintiff argues that "the requisite default entry never [having] occurred, . . . the Court [lacks] jurisdiction to entertain any Rule 12, motion," *see* ECF 37, at 9, jurisdiction implicates the Court's ability to hear a plaintiff's claim, not a defendant's motion. *See* Jurisdiction, Black's Law Dictionary (12th ed. 2024) (defining "jurisdiction" as "[a] court's power to decide a case or issue a decree"). Again, while Plaintiff asserts that it was error for the Clerk's Office to refrain from entering default against the defendants, Plaintiff never moved for Clerk's entry of default, and this Court has twice explained the basis for denying Plaintiff's motion for entry of default judgment given the Fourth Circuit's preference that cases be decided on their merits. *See*

ECF 22, at 3–4; ECF 35, at 5–6.  Plaintiff makes no showing that the Court engaged in the requisite

"clear usurpation of power," *id.*, thus "the Court's judgment was certainly not void," *Burnett v.*

*BJ's Wholesale Club, Inc.*, Civ. No. JKB-22-02840, 2024 WL 3890781, at *2 (D. Md. Aug. 21,

2024).

Finally, while Plaintiff has not pointed to any change in controlling law or new evidence,

the Court nevertheless construes Plaintiff's motion as one seeking to redress a clear error or

manifest injustice under Rule 59(e) as he asserts that dismissal constitutes "constructive

suppression of Rice's right to petition the government for redress[.]"  ECF 37, at 3.  However,

while he seeks to relitigate his claims on the merits, *see id.* at 7–8, he has not identified any legal

or factual error in the Court's June 26 memorandum opinion.  Plaintiff cannot use Rule 59(e) to

repeat the same arguments already made in an effort to encourage the Court to reach a different

conclusion.  *See Reeves v. Cir. Ct. for Prince George's Cnty.*, Civ. No. BAH-23-2678, 2023 WL

9473974, at *2 (D. Md. Dec. 5, 2023) (denying a party's Rule 59(e) motion which largely repeated

the arguments made in the original complaint).  He therefore has not established a basis for altering

or amending the memorandum opinion or order under Rule 59(e).

Accordingly, it is this 11th day of August 2025, by the United States District Court for the

District of Maryland hereby ORDERED that:

> (1) Plaintiff's motion to vacate the Court's judgment, ECF 37, is DENIED;
>
> (2) The Clerk is directed to CLOSE this case and MAIL a copy of this memorandum
>     and order to Plaintiff.

_____/s/_____

Brendan A. Hurson
United States District Judge